IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| TRIEU, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PHUC C. NGUYEN, *et al.*,<br><br>Defendant. | 2:24-CV-087-Z-BR |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Trieu LLC ("Plaintiff")'s Motion to Enforce Settlement Agreement ("Motion"), filed August 7, 2026. ECF No. 12. Defendants did not respond to the Motion. The Motion is now ripe. Having reviewed the Motion, briefing, and relevant law, the Motion is **GRANTED**.

**BACKGROUND**

Plaintiff is the registrant of the following trademarks:

| Mark | Reg. No |
|---|---|
| VENETIAN | U.S. Reg. No. 4,567,557 |
| VENETIAN NAIL SPA | U.S. Reg. No. 3,192,012 |
| | U.S. Reg. No. 4,555,957 |
| VENETIAN NAIL SPA | U.S. Reg. No. 4,563,433 |
| THE VENETIAN | U.S. Reg. No. 7,741,940 |
| V | U.S. Reg. No. 7,391,647 |

Plaintiff is a Tennessee limited liability company with a principal place of business at 3255 NW 94th Avenue, #8570, Coral Springs, Florida 33075. ECF No. 12 at 2. Defendants Venetian Nail Spa LLC, Venetian Nails & Hair Inc., Phuc C. Nguyen, and Thanh Mai Do are all located in Amarillo, Texas. *Id.*

On April 29, 2024, Plaintiff filed the instant trademark infringement action. ECF No. 1. Almost three months later, on July 20, 2024, the parties executed a written Settlement Agreement. ECF No. 12 at 4. Under the Settlement agreement, Defendant agreed, among other things to:

- permanently cease using marks identical or confusingly similar to Plaintiff's marks;
- change the name of their business to "Vernet Nail Spa" within one hundred twenty days; and
- file all documents necessary to implement the business name change.

*Id.*

On July 25, 2024, Plaintiff then filed a Notice of Voluntary Dismissal Without Prejudice. ECF No. 9. The next day, the Court dismissed the action while expressly retaining jurisdiction to enforce the Settlement Agreement. ECF No. 10.

On August 7, 2026, Plaintiff filed the instant motion with the Court, arguing that Defendants are continuing to infringe on Plaintiff's trademarks, and thus, are violating the Settlement Agreement. ECF No. 12. Plaintiff requests the Court find that Defendants materially breached the Settlement Agreement and order specific performance. *Id.* at 7. They request the Court to issue a permanent injunction directing that, within thirty days after entry of the Court's order, Defendants do the following:

- permanently cease all use of any mark identical or confusingly similar to Plaintiff's registered marks in any medium, including signage, storefronts, websites, social media, and advertising;
- adopt and use "Vernet Nail Spa" as the business trade name for the salons;
- file all document necessary to effectuate the business name change with the appropriate governmental authorities; and
- provide Plaintiff written proof of full compliance.

*Id.*

They also request the Court to award Plaintiff reasonable attorneys' fees and costs incurred in enforcing the Settlement Agreement and retain jurisdiction to enforce its order and address any further noncompliance. *Id.*

**LEGAL STANDARD**

"A district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Wise v. Wilkie*, 955 F.3d 430, 434 (5th Cir. 2020). In enforcing a settlement agreement, a court may order specific performance on the breaching party. W. E. Shipley, *Specific Performance of Compromise and Settlement Agreement*, 48 A.L.R.2d 1211 (1956) ("It appears well settled that specific performance of an agreement of compromise and settlement is available wherever a situation calling for equitable relief is otherwise presented, that is to say, there is nothing in the nature of such a contract, as such, to call for either the denial or the allowance of such relief.").

"A settlement agreement is a contract." *Dore Energy Corp. v. Prospective Inv. & Trading Co. Ltd.*, 570 F.3d 219, 225 (5th Cir. 2009). Thus, "[a]bsent fraud, deception, coercion or overreaching, a valid settlement agreement may not be repudiated." *Rodriguez v. VIA*

*Metropolitan Transit System*, 802 F.2d 126, 129 (5th Cir. 1986) (citing *Strange v. Gulf & Southern American Steamship Co.*, 495 F.2d 1235 (5th Cir. 1974)).

Still, courts must be cautious when ordering specific performance. "The remedy of specific performance is equitable in nature, and a court may properly examine whether, because of changes in circumstances, granting the relief will result in inequity or violate the intent and purpose of the agreement." *Rodriguez*, 802 F.2d at 131. Moreover, "[a] decree of specific performance should be readily enforceable and should not require long-continued court supervision." *Id.* at 132.

A federal district court possesses jurisdiction to enforce a settlement agreement when its dismissal order expressly retains jurisdiction to do so. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381–82 (1994). "A court's 'ancillary jurisdiction' 'to manage its proceeding, vindicate its authority, and effectuate its decrees' provides an independent jurisdictional basis to enforce a settlement agreement only if 'the parties' obligation to comply with the terms of the settlement agreement has been made a part of the order of dismissal.'" *Romanowski v. Wells Fargo Bank, N.A.*, No. 3:18-CV-1567, 2022 WL 581813, at *1 (N.D. Tex. Feb. 24, 2022) (citing *Kokkonen*, 511 U.S. at 380–81).

## ANALYSIS

The Settlement Agreement expressly requires Defendants to cease using Plaintiff's trademarks and to adopt the new business name. It states, "[n]o later than one hundred twenty (120) days after [July 20, 2024], [the business shall] cease use of all marks identical or confusingly similar to any of Trieu's or any of Trieu's affiliate's registered or filed marks." Ex. A at 1. The business must also "adopt 'Venet Nail Spa' as the business's new trade name at its salon located at 6017 Hillside Road, Unit 800, Amarillo TX 79109[.]" *Id.*

Defendants however have continued to use marks identical or confusingly similar to Plaintiff's registered marks; failed to adopt "Vernet Nail Spa" as the business trade name for its salons; failed to file the documents necessary to effectuate the agreed business name change; and have continued to operate in violation of the Settlement Agreement. Pursuant to the Settlement Agreement, Plaintiff must comply with these requests. The Court thus **ORDERS** Plaintiff to comply with the Settlement Agreement.

Plaintiff also seeks to recover reasonable attorneys' fees and litigation expenses that it incurred as a result of Defendants' failure to honor its contractual obligation. "Rule 54(d)(2)(A) requires that claims for attorneys' fees must be made by separate motion to the district court." *United Industries, Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 765–66 (5th Cir. 1996). Thus, the Court **ORDERS** Plaintiff to file their request for reasonable attorneys' fees through a separate motion following the procedures laid out under Rule 54(d).

## CONCLUSION

The Court **GRANTS** Plaintiff's Motion. Defendants are **ORDERED** to (i) permanently cease all use of marks that are identical or confusingly similar to Plaintiff's registered marks; (ii) adopt "Vernet Nail Spa" as the business trade name for the salons; (iii) file all documents necessary to effectuate the business name change with the appropriate governmental authorities; (iv) provide Plaintiff written proof of full compliance. The Court further **ORDERS** Plaintiff to file a separate motion for attorneys' fees if they wish the Court to consider granting such a request.

**SO ORDERED.**

October 29, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE